**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

AUG 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA KENDRICK, individually and as successor in interest to er now deceased husband Gary Kendrick,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE, Sheriff; DANIEL BARNES; STEVEN BLOCK; AMY BROWN-LISK; JEREMY COLLIS; TROY DUGAL; DAVE HILLEN; DUSTIN LOPEZ; MATTHEW MAYS; KEVIN NORIE; JASON WORTHINGTON,<br><br>        Defendants-Appellants. | No. 18-55480<br><br>D.C. No.<br>3:15-cv-02615-GPC-AGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted August 16, 2019
Pasadena, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and R. NELSON, Circuit Judges, and LEFKOW,[**] District Judge.

This is an interlocutory appeal of the denial of qualified immunity in a § 1983 action. A San Diego Sheriff Deputy fatally shot Gary Kendrick in front of his wife, Cynthia Kendrick. Deputies immediately took Mrs. Kendrick into custody as a material witness, holding her for almost seven hours. She has asserted an excessive force claim on her husband's behalf and an unreasonable seizure claim on her own behalf. The district court denied defendants' motion for summary judgment on the merits and denied defendants' attempt to invoke qualified immunity. We affirm the denial of qualified immunity.

In March 2015, when this incident occurred, it was clearly established that the use of lethal force against someone who is armed and mentally unstable, but not suspected of any criminal wrongdoing, is reasonable only if that individual made a "furtive movement," "harrowing gesture," or "serious verbal threat." *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013). Construing the facts in plaintiff's favor, Mr. Kendrick did no such thing. He was shot by Deputy Steven Block while he was standing with his arms outstretched, parallel to the ground. Our holding in *George* clearly established Mr. Kendrick's Fourth Amendment

---

[**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

right to be free from deadly force in this situation.  Accordingly, the district court correctly denied qualified immunity as to Deputy Block.

It was also clearly established that citizens cannot be detained for hours on account of being witnesses to a crime.  *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1083–84 (9th Cir. 2013).  In *Maxwell*, we held that a five-hour detention and interrogation of a family that had witnessed a shooting presented an "obvious" constitutional violation.  *Id.*  We explained that the state's interest in detaining witnesses for questioning is relatively low, and so to be constitutionally reasonable such detentions must be "minimally intrusive."  *Id.* at 1083.

Here, after watching a deputy shoot her husband, Cynthia was taken from her husband's body, effectively locked in the back of a police car, transported to a police station, placed in a guarded interrogation room for almost four hours, then subjected to two and a half hours of questioning, and another hour of being photographed.  As plaintiff argues, there were several less intrusive ways in which officers could have questioned Mrs. Kendrick about the shooting, so this investigative detention was not "minimally intrusive."  Our decision in *Maxwell* clearly established that Mrs. Kendrick's seizure in this situation was unreasonable.

Defendants further contend that even if Mrs. Kendrick's detention violated a clearly established right, the seven individual defendants involved in the detention

3

are entitled to qualified immunity because the conduct of each defendant in isolation did not cross a clear constitutional boundary. Construing the record in plaintiff's favor, all seven defendants must have been on notice at the time of their participation that the detention was not minimally intrusive and that their involvement in it therefore violated principles that we clearly established in *Maxwell*. We recently reached a similar conclusion. *See Nicholson v. City of Los Angeles*, No. 17-56648, 2019 WL 3939352, at *4–*5 (9th Cir. Aug. 21, 2019) (affirming denial of qualified immunity where officer was "just one participant in a sequence of events that gives rise to a constitutional violation."). It is for the jury to discern whether each of the seven defendants' participation in this unlawfully prolonged detention was "integral." *See Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (explaining liability may attach if the officer has "some fundamental involvement in the conduct that allegedly caused the violation."). Accordingly, the district court properly denied qualified immunity as to the seven defendants involved in Mrs. Kendrick's detention.

**AFFIRMED.**